UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUXOTTICA RETAIL NORTH
AMERICA, INC., d/b/a PEARLE VISION,

    Plaintiff,

v.                                            CASE NO.: 8:11-cv-2433-T-23TBM

GEORGE L. HAFFNER ENTERPRISES,
INC., GEORGE L. HAFFNER and GAIL
MABRY,

    Defendants.
_____/

**ORDER**

The plaintiff, Luxottica Retail North America, Inc., operate a "distinctive optical retail system" known as "Pearle Vision." The plaintiff sues (Doc. 1) for breach of contract, trademark infringement, and unfair competition. Seeking money damages and injunctive relief, the complaint alleges unauthorized operation of two Pearle Vision stores and unauthorized use of Pearle Vision's trademarks.

On October 26, 2011, the plaintiff moved (Doc. 2) for a preliminary injunction. The defendants George L. Haffner Enterprises, Inc., and George L. Haffner each received service on October 31, 2011. (Docs. 5, 7) The defendant Gail Mabry received service on November 1, 2011. (Doc. 6) On November 18, 2011, Haffner and Mabry each filed (Docs. 8, 9) a notice of *pro se* appearance or, in the defendants'

words, a "notice of limited appearance." The unusual notices include an assortment of more or less familiar phrases arranged in a bizarre manner, for example:

> Now coming is the man george-leslie, *formerly of the Haffner family*, by Limited Appearance and not by general appearance, reserving all rights, by necessity, for the protection of freedom, rights, titles, and interests in this civil action. The sole purpose of this limited appearance is to honor this court and at all pertinent times by acting under Variation of Agreement, in good-fath, with clean hands, with no intention of contempt, delay, or obstruction of the due process of the law, but for the purpose of maintaining the domestic, private, and public international order. Moreover, limited appearance is made in an effort to facilitate the peaceful and immediate-settlement of any and all stated disputes or claims, charges) [sic] and to further facilitate the immediate satisfaction, closure, and discharge of GEORGE L. HAFFNER pertaining to this account . . . and any other related account(s).

(Doc. 8) (emphasis in original) On November 18, 2011, Haffner and Mabry filed (Docs. 10, 11) documents entitled "Response to Civil Complaint; and Motion for Injunctive Relief." Unsurprisingly, the documents include similar assertions:

> 1. For the reasons outlined below, George L. Haffner cannot and does not enter a plea in this matter at this time.
>
> 2. George L. Haffner does not have legal standing in this court.
>
> . . .
>
> 8. There is no controversy to be adjudicated by this court.
>
> . . .
>
> 12. George L. Haffner cannot comprehend the intent of this civil action with out [sic] the aid of a qualified attorney.
>
> . . .
>
> 15. Due to George L. Haffner's lack of understanding and lack of knowledge, George L. Haffner does not consent or agree at this time to grant general jurisdiction to this court or the adjudication of any facts stated in the papers without proper representation and advice of a qualified attorney.

The documents purport to offer a (confusing) settlement, confess "common law" judgment, and appoint the plaintiff's counsel as the defendants' own "collateral endorser and surety."

On November 28, 2011, the defendants filed (Docs. 12, 13) two boxes of documents, which include a copy of the summons, complaint, and each exhibit filed by the plaintiff. Revealing an impressive tolerance for tedium, Haffner and Mabry (and not "george-leslie" and "marjorie-gail") stamped and signed each page. The stamp states:

ACCEPTED FOR VALUE

NON-NEGOTIABLE
ACCEPTED FOR VALUE AND RETURNED

George Leslie Haffner Accepts for Value this presentment "CLAIM" and ALL related Endorsements front and back, in accordance with Uniform Commercial Code 3-419 and House Joint Resolution 192 of June 5, 1933. Please adjust the account(s) for all bonds proceeds, products, accounts and fixtures and the court is directed to immediately release the order(s) of this court to this man, george-leslie (haffner). This Religious and Holy man, george-leslie (haffner), the res, corpus-body, and property is EXEMPT FROM BODILY ATTACHMENT, ARREST, LEVY or LIEN PRIORITY—PREPAID.

(Docs. 12, 13, 17) (emphasis in original) On December 5, 2011, default was entered (Doc. 15) against George L. Haffner Enterprises, Inc. On December 9, 2011, Haffner and Mabry returned (Doc. 17) to the court the notice of designation, the order directing the clerk to enter default against the corporation, and the clerk's default.

Again, Haffner and Mabry stamped and signed each page.[1] Citing Rules 8 and 12, Federal Rules of Civil Procedure, the plaintiff moves (Doc. 18) to strike the *pro se* defendants' responses and for a default.

Rule 55(a) permits a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to *plead or otherwise defend*." (Emphasis added) Rule 8 outlines the general rules of pleading. Rule 8(b)(1) requires a responding defendant to "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Rule 8(b)(2) requires that a denial must "fairly respond to the substance of the allegation."

Although lacking an explicit definition in Rule 55, "otherwise defend" includes defenses such as a motion attacking service, a motion to dismiss, and a motion for summary judgment. *Cowen v. Aurora Loan Servs.*, No. Civ. 10-452, 2010 WL 3342196, at *1 (D. Ariz. Aug. 25, 2010); *Johnson v. Warner*, No. 7:05-cv-219, 2009 WL 586730, at *4 (Mar. 6, 2009); 10 MOORE'S FEDERAL PRACTICE § 55.11[2][b][i] (3d ed. 2010) ("[T]he term . . . include[s] the assertion of those defenses that, under Rule 12(b), may be made by motion rather than in the pleadings. These defenses include challenges to subject matter or personal jurisdiction, venue, and sufficiency of process or service of process; motions to dismiss for failure to state a claim on which relief may be granted; and motions raising the issue of failure to join a party under

---

[1] Except for the name and identifying pronoun of the defendant, each paper filed by Mabry is the same as each paper filed by Haffner.

Rule 19."). To avoid default, a defendant must "either take steps to file a timely responsive 'pleading' or take some action that indicates an intention to 'defend' the suit. Not every paper or other form of communication with the court will meet the Rule 55(a) standard requiring a party to 'plead or otherwise defend.'" 10 MOORE'S FEDERAL PRACTICE § 55.11[2][b][ii] (3d ed. 2010); *In re Thornton*, 419 B.R. 787, 790 (Bkrtcy. W.D. Tenn. 2009) (noting that a party avoids default by demonstrating an intent to defend the suit).

None of the documents filed by Haffner and Mabry reveals an intent to "defend" the suit. Indeed, the documents reveal no intent whatsoever. Failing to conform with the prescriptions of Rule 8 by either responding "to the substance of the allegation" or stating a defense in "short and plain terms," Haffner and Mabry fail to "plead or otherwise defend." *See* 10 MOORE'S FEDERAL PRACTICE § 55.02 (3d ed. 2010) ("[D]efault promotes efficient administration of justice by requiring a responding party to conform with the requirements set out in the Federal Rules in a timely fashion."). Haffner and Mabry have defaulted.

## Conclusion

The plaintiffs motion (Doc. 18) for a default is **GRANTED IN PART**. The motion to strike (Doc. 18) is **DENIED AS MOOT**. The Clerk is directed to enter default under Rule 55(a) against George L. Haffner and Gail Mabry. Upon motion for a default judgment from the plaintiff, a hearing on damages will be scheduled.

The defendants, whose antics are neither appreciated, efficient, nor effective, move a giant step closer to imposition of a permanent injunction and money damages. The defendants are strongly advised to stop the futile demonstrations, comply with the Federal Rules of Civil Procedure, and immediately obtain counsel.

ORDERED in Tampa, Florida, on December 16, 2011.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE