UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUXOTTICA RETAIL NORTH
AMERICA, INC., d/b/a PEARLE
VISION,

    Plaintiff,

v.                                                        CASE NO.: 8:11-cv-2433-T-23TBM

GEORGE L. HAFFNER
ENTERPRISES, INC., GEORGE L.
HAFFNER and GAIL MABRY,

    Defendants.
_____/

## **ORDER**

    Seeking money damages and injunctive relief, Pearle Vision sues (Doc. 1) for breach of contract, trademark infringement, and unfair competition. The defendants default (Docs. 16, 20, 21), and the plaintiff moves (Doc. 25) for a default judgment, a permanent injunction, attorney fees, and costs.

    By virtue of default, the defendants admit the allegations of the complaint. George L. Haffner Enterprises, Inc. (the "Corporation"), George L. Haffner, and Gail Mabry owned and operated a Pearle Vision store in Citrus Park (store #8455, "PV Citrus Park") and the Corporation and Haffner owned and operated a Pearle Vision Store in New Tampa (store #8422, "PV New Tampa").

    PV New Tampa operated until the contractual expiration of the franchise on June 30, 2011. The contract contained a restrictive covenant that prevented the

defendants for one year after June 30, 2011, from "engag[ing] in any other retail optical business" within three miles of the store. Nonetheless, immediately after the expiration of the franchise, the Corporation and Haffner opened the "New Tampa Vision Center" on the premises of the former PV New Tampa.

At the same time, on July 1, 2011, each defendant closed and abandoned PV Citrus Park without permission from Pearle Vision. The PV Citrus Park franchise contractually expired April 2, 2013. On the storefront the defendants left a sign, which read:

> Your Optical records as well as Dr. Bickoff's medical records will be transferred to our location at 19410 Bruce B Downs Blvd. Tampa, Fl. 33647 [the New Tampa Vision Center].
>
> . . .
>
> You can reach us at the following numbers:
>
> Store # - [813-XXX-XXXX]
> Dr. Bickoff # - [813-XXX-XXXX]

(Doc. 26-1, at 9) An August 30th letter from Pearle Vision contractually defaulted the defendants and terminated PV Citrus Park's franchise. Nonetheless, the defendants left outside the abandoned store a marquee displaying Pearle Vision's trademark.

### I. Damages Available to Pearle Vision

First, Pearle Vision seeks (1) $7,925.83 due from before the expiration of the PV New Tampa franchise agreement and (2) $6,699.22 due from before the

termination of the PV Citrus Park franchise agreement. Pearle Vision submits (Doc. 25-7) an itemized statement of royalties, merchandise, and advertising.

Second, for lost profit for the early termination of PV Citrus Park, Pearle Vision seeks expectation damages of $38,509, which equals the royalty payment for the first six months of 2011 (until the July 1, 2011, abandonment) applied through April 2, 2013, the day of the franchise's contractual expiration. (Doc. 25-5)

Third, supported by a declaration of counsel (Doc. 25-8) accompanied by a detailed accounting and a bill of costs, Pearle Vision seeks $26,643.94 in attorney fees and $725 in costs.

## II.  Damages Under the Lanham Act

Under the Lanham Act, 15 U.S.C. §§ 1051-1141n, Pearle Vision seeks $129,023, which purportedly equals the defendants' profit from trademark infringement at the abandoned store. The Lanham Act entitles a successful plaintiff to "(1) [the] defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a); *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1182 (11th Cir. 1994) ("This recovery is cumulative, that is, the Court may award [the plaintiff] both its damages and [the defendant's] profit[]."); *see also Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562 (11th Cir. 1987) (permitting a franchisor to recover from a franchisee (1) liquidated damages for breach of contract and (2) the franchisee's profit from trademark infringement occurring after

- 3 -

terminating the franchise agreement that granted the franchisee permission to use the mark).

Section 1117(a) requires Pearle Vision to prove the defendants' sales revenue and the defendants to prove each expense or cost the defendants seek to deduct. Attempting to calculate the abandoned store's sales revenue between September 1, 2011, and January 31, 2012, Pearle Vision derives PV Citrus Park's historical sales revenue (from when the store was operating) and applies the number through January 30, 2012 (as if the store continued to operate).

Because "'a markholder is only entitled to those profits attributable to the unlawful use of its mark,'" this method of calculation fails. *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 349-50 (5th Cir. 2002) (quoting *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526 541 (5th Cir. 1998), *abrogated on other grounds by TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 32-33 (2001)). The alleged trademark infringement necessarily occurred, if at all (if not conducting business at a site infringes), only after PV Citrus Park closed, and, consequently, the defendants realized no profit attributable to the supposed infringement because the defendants realized no profit at the abandoned store from September 1, 2011, to January 31, 2012. Conceivably, the infringement, if any, might have created a bit of profit if the defendant realized sales revenue at the New Tampa Vision Center from a customer attracted to the abandoned store by the infringing Pearle Vision marquee but diverted to the New Tampa Vision Center by the little, printed sign in the window of the

abandoned store. This implausible diversion of business from the west side of the Tampa area to the east side of the Tampa area (past a formidable array of aggressive competing businesses) is either infinitesimal or, more likely, non-existent. Either way, Pearle Vision submits no evidence of diversion.

### III.  Damages for Breach of the Restrictive Covenant

Permitting an award of damages for breach of a restrictive covenant, Section 542.335(1)(j), Florida Statutes, states, "[a] court shall enforce a restrictive covenant by any appropriate and effective remedy, including, but not limited to, temporary and permanent injunctions." The profit lost as a result of the breach measures the damages for a breach of a restrictive covenant:

> To recover damages for lost profits in a breach of contract action, a party must prove a breach of contract, that the party actually sustained a loss as a proximate result of that breach, that the loss was or should have been within the reasonable contemplation of the parties, and that the loss alleged was not remote, contingent, or conjectural and the damages were reasonably certain.

*Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1242 (11th Cir. 2009) (quoting *Frenz Enterprises, Inc. v. Port Everglades*, 746 So.2d 498, 504 (Fla. 4th DCA 1999)); *accord Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So.2d 1278, 1280 (Fla. 5th DCA 2009). Because of the inherent difficulty in determining the profit, if any, lost as a result of a breach of a restrictive covenant, an injunction is the favored judicial remedy. *Proudfoot*, 576 F.3d at 1243 (quoting *Capraro v. Lanier Bus. Prods., Inc.*, 466 So.2d 212,

213 (Fla. 1985)). Thus, "many restrictive covenants have liquidated damages clauses." *Proudfoot*, 576 F.3d at 1243 n.23.

Pearle Vision demands $9,445, which equals the royalty payment at PV New Tampa for the twelve months before the June 30, 2011, franchise expiration applied through January 31, 2012. (Doc. 25-5) Thus, Pearle Vision compares the royalties received from New Tampa Vision Center ($0) to the royalties attainable from the continued operation of PV New Tampa ($9,445). Similar to PV Citrus Park, Pearle Vision seeks expectation damages – "[c]ompensation awarded for the loss of what a person reasonably anticipated from a transaction that was not completed." BLACK'S LAW DICTIONARY 163 (pocket ed. 1996).

This breach does not entitle Pearle Vision to expectation damages. Unlike PV Citrus Park, the PV New Tampa franchise expired. Thus, unlike PV Citrus Park where Pearl Vision had a reasonable expectation of royalties until the April 2, 2013, franchise expiration, Pearl Vision had no reasonable expectation of royalties from PV New Tampa after the June 30th franchise expiration.

Consequently, Pearle Vision is entitled only to the profit lost at some other Pearle Vision caused by the unlawful operation of the New Tampa Vision Center. For example, Pearl Vision could subtract royalties, if provable, gained from a nearby store for a stated time after June 30th from royalties gained from the nearby store for a stated time before June 30th. Assuming that customers fled the nearby Pearle Vision store for the New Tampa Vision Center, the difference in royalties would be a

reasonable approximation of lost profit caused by New Tampa Vision Center's operation. Pearle Vision fails to produce evidence of lost profit resulting directly from the breach of the restrictive covenant. Nonetheless, an injunction is available. Fla. Stat. § 542.335(1)(j).

### IV.  Conclusion and Injunction

The motion for a default judgment (Doc. 25) is **GRANTED IN PART**. Owning and operating only PV Citrus Park, the defendant Gail Mabry is responsible only for the damages resulting from the violations at PV Citrus Park. The clerk shall enter judgment (1) for the plaintiff and against the defendants George Haffner Enterprises, Inc., George Haffner, and Gail Mabry, jointly and severally, for **$72,577.16** and (2) for the plaintiff and against the defendants George Haffner Enterprises, Inc., and George Haffner, jointly and severally, for **$7,925.83**.

George L. Haffner Enterprises, Inc., George L. Haffner, and Gail Mabry are PERMANENTLY ENJOINED and shall:

(1) remove from the premises of the former PV Citrus Park each sign, banner, label, packaging, advertising, promotion, display, and "point-of-purchase" material that bears or displays a Pearle Vision trademark, name, symbol, or slogan;

(2) transfer to Pearle Vision each telephone number, fax number, and directory listing for both PV Citrus Park and PV New Tampa;

(3) return to Pearl Vision any Pearle Vision material containing a Pearle Vision trade secret or proprietary information, including the franchise manual and proprietary inventory;

(4) not, for one year from the date of this order, operate or participate in a retail optical store or optometric office within a radius of three miles from the former PV Citrus Park;

(5) provide to Pearle Vision (to the extent permitted by law) a copy of each record of optical service provided at PV Citrus Park.

Additionally, George L. Haffner Enterprises, Inc., and George L. Haffner are PERMANENTLY ENJOINED and shall:

(1) not, for one year from the date of this order, operate or participate in a retail optical store or optometric office within a radius of three miles from the former PV New Tampa;

(2) provide to Pearle Vision (to the extent permitted by law) a copy of each record of optical service provided at PV New Tampa.

ORDERED in Tampa, Florida, on April 23, 2012.

                                        *Steven D. Merryday*
                                    STEVEN D. MERRYDAY
                                  UNITED STATES DISTRICT JUDGE